USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/20

SUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN FORD,

                Plaintiff,

-against-

THE NEW YORK CITY BOARD OF EDUCATION (a/k/a the Department of Education); CARMEN FARINA, in her official capacity,

                Defendants.

1:19-CV-6327 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

    Plaintiff, who appears *pro se*, asserts claims under the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967, and other laws.[1] He seeks damages, as well as declaratory and injunctive relief. He sues the New York City Board of Education (also known as the New York City Department of Education) and its former Chancellor, Carmen Fariña.

    By order dated October 29, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court directs service on the defendants.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] On March 8, 2020, Plaintiff filed an "Amended Brief for Complaint with Demand for Trial by Jury." (ECF 11). The Court deems that submission to be Plaintiff's amended complaint.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint on the defendants until the Court reviewed the amended complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the defendants until 90 days after the date that summonses for the defendants are issued. If the amended complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue summonses for the defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on the defendants.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to issue summonses for Defendants New York City Board of Education (also known as the New York City Department of Education) and Carmen Fariña; complete USM-285 forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     April 15, 2020
            New York, New York

                                                  ALISON J. NATHAN
                                        United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York City Board of Education (also known as the Department of Education)
   52 Chambers Street
   New York, New York 10007

2. Carmen Fariña, former Chancellor
   New York City Board of Education (also known as the Department of Education)
   52 Chambers Street
   New York, New York 10007