UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brian Ford,

                              Plaintiff,

-against-

The New York City Board of Education (a/k/a the Department of Education) and Carmen Farina, in her official capacity as Chancellor,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/1/2020

1:19-cv-6327 (AJN) (KHP)

ORDER OF SERVICE

**KATHARINE H. PARKER, United States Magistrate Judge:**

It has been brought to the Court's attention that the Court's August 24th Order (ECF No. 19) did not reach the U.S. Marshals Service. Because Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. Because of the clerical error referenced above, the Court therefore extends the time to serve until 90 days after the date the summons, referenced below, is issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*,

682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

## Conclusion

To allow Plaintiff to effect service on Defendants The New York City Board of Education (a/k/a the Department of Education) and Carmen Farina, in her official capacity as Chancellor, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so. The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:   September 1, 2020
         New York, New York

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge

2

**DEFENDANTS AND SERVICE ADDRESSES**

1. The New York City Board of Education
   (a/k/a the Department of Education)
   New York City Law Department
   100 Church Street
   New York, NY 10007

2. Carmen Farina, in her official capacity as Chancellor
   New York City Law Department
   100 Church Street
   New York, NY 10007