

**JAMES E. JOHNSON**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Nicholas Green**
*Assistant Corporation Counsel*
Labor & Employment Law Division
(212) 356-2445
nigreen@law.nyc.gov

March 12, 2021

**BY ECF**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

    Re: Brian Ford v. New York City Board of Education, et al.
       Docket No. 19-CV-06327(JPC)(KHP)

Dear Judge Cronan:

    I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for Defendants New York City Board of Education, "BOE" (doing business as the "New York City Department of Education") and Carmen Farina in her official capacity as Chancellor. I write in accordance Rule 6(A) of this Court's Individual Rules, and Magistrate Judge Parker's January 21, 2021 Order, to renew Defendants' request for a pre-motion conference prior to moving to dismiss the Third Amended Complaint ("TAC") pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiff, a teacher formerly employed by the BOE commenced this action on July 5, 2019. See ECF DKT No. 1. In the TAC Plaintiff asserts claims of discrimination and retaliation under the ADEA, the ADA and Rehabilitation Act, as well as claims under the NLRA, RICO, and the First, Fifth and Fourteenth Amendments.[1] See TAC at ¶¶ 1, 214.

    Initially, Plaintiff's ADEA claims based on his termination are barred by collateral estoppel because his termination occurred as the result of a disciplinary hearing held pursuant to Section 3020-a of the New York Education Law, and a "Section 3020-a hearing is a quasi-judicial administrative action whose findings are entitled to preclusive effect." See Washington v. N.Y. City Dept. of Educ., 740 F. App'x 730, 732 (2d Cir 2018) (citing Burkybile v. Bd. of Educ., 411 F.3d 306, 308, 311-12 (2d Cir. 2005), cert. den. 546 U.S. 1062 (2005)). Plaintiff admits that following his Education Law § 3020-a proceeding, a hearing officer sustained charges of incompetence and imposed a penalty of termination against him, and both

---

[1] Abbreviations refer to the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. §§ 621, et seq., Americans with Disabilities Act of 1990, ("ADA") 42 U.S.C. §§ 12132, et seq., Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796, National Labor Relations Act ("NLRA"), 29 U.S.C. § 158, and Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.

the result of the hearing and penalty were subsequently upheld by the Appellate Division, First Department. See TAC at ¶ 104. Therefore, Plaintiff is collaterally estopped from claiming that his age, or his engagement in protected activity was the "but for" cause of his termination. See Davis v. N.Y. City Dep't/Bd. of Educ., No. 14 Civ. 2281(KAM)(LB), 2015 U.S. Dist. LEXIS 131719, *11 (E.D.N.Y. August 19, 2015)(adopted at Davis v. N.Y. City Dep't./Bd. of Educ., No. 14 Civ. 2281(KAM)(LB), 2015 U.S. Dist. LEXIS 131466, at *6 (E.D.N.Y. Sep. 29, 2015)).

Plaintiff also fails to state a plausible claim under the ADEA. Under the ADEA, plaintiff must plead facts "which plausibly suggest that (1) the employer took an adverse action and (2) age was the "but for" cause of that adverse action." See Boonmalert v. City of N.Y., 721 F. App'x 29, 32 (2d Cir. 2018). Plaintiff's allegations in the Amended Complaint do not plausibly suggest Plaintiff's age was the "but for" cause of his termination or any other adverse action. Plaintiff alleges that because his ratings dropped following his "15 year longevity increment" and after taking a sabbatical, it can be inferred his ratings were caused by his age. See TAC at ¶ 117. However, the "15 year longevity increment" has no clear significance, and the mere allegation that Plaintiff was experienced does not suggest his age was the "but for" cause of his ratings. Although Plaintiff alleges that only tenured teachers can take sabbaticals, that allegation does not establish the age of those who took sabbaticals. See id. Moreover, Plaintiff's allegation that other unspecified employees had difficulties managing students and were not disciplined is not sufficient to create an inference of discrimination. See Id. at ¶ 119. Similarly, Plaintiff's complaints that he did not receive a dedicated classroom, locker, a Special co-education teacher, and was excessively criticized, are entirely unconnected to his age, and cannot support a claim under the ADEA. Therefore, Plaintiff's ADEA claim is not plausible and should be dismissed. See Marcus v. Leviton Mfg. Co., 661 F. App'x 29, 32-33 (2d Cir. 2016).

With respect to Plaintiff's ADA and Rehabilitation Act retaliation claims, Plaintiff also fails to state a plausible claim. As the ADA and the Rehabilitation Act provide similar protections and impose identical pleading requirements, claims under both statutes are considered together. See Pierce v. Fordham Univ., 692 F. App'x 644, 646, n 2 (2d Cir. 2017). To establish a *prima facie* case of retaliation under these statutes, plaintiff must show that: (1) he engaged in a protected activity, (2) his employer was aware of the activity, (3) the employer took an adverse employment action against him, and (4) a causal connection exists between the protected activity and the adverse employment action. See Woolf v. Strada, 792 F. App'x 143, 145 (2d Cir. 2020). Plaintiff claims that he engaged in protected activities when he wrote a letter to Principal Decker in November 2008 regarding the assignment of co-teachers for Special Education, filed a special education complaint in 2009 regarding the assignment of co-teachers for special education, published a book in 2012 which discussed education policy and referenced Plaintiff's 2008 letter, and took a sabbatical leave in Spring 2015. See TAC at ¶ 127. Although Plaintiff alleges that his 2008 letter, 2009 complaint, and 2012 book all referenced the assignment of co-teachers for special education, Plaintiff does not allege that his writings during the 2015 sabbatical related to this topic. Rather, Plaintiff alleges that his sabbatical writings covered a range of topics including education policy, the use of film in class curriculum, John Locke, and perspectives on slavery. See TAC at ¶ 45, f. 12. As a result, Plaintiff's sabbatical writings do not constitute protected activities. See Lewis v. Turning Point Brooklyn, Inc., No. 17 Civ. 7560 (FB)(RLM), 2019 U.S. Dist. LEXIS 54398, at *10 (E.D.N.Y. Mar. 29, 2019). Plaintiff does not allege he made any complaints regarding special education co-teachers or related issues to Principal Decker from 2015 onward, and does not allege that his complaints to

other teachers were known to Principal Decker. Plaintiff also admits that he had already begun receiving negative ratings at the time he complained to coworkers regarding these special education issues. See TAC at ¶ 128. Therefore, the latest protected activity preceding Plaintiff's November 2015 negative ratings occurred in 2012, too far in time to assume causation based on temporal proximity. As Plaintiff alleges facts supporting causation, his claims must be dismissed. See Nadel v. Shinseki, 57 F. Supp 3d 288, 299 (S.D.N.Y. 2014).

       This Court lacks subject matter jurisdiction over Plaintiff's NLRA claims as Defendants are not employers under the NLRA, and thus Plaintiff's NLRA claims must be dismissed. See D'Onofrio v. City of N.Y., No. 07 Civ. 0731 (CBA)(LB), 2010 U.S. Dist. LEXIS 124160, at *35 (E.D.N.Y. Sep. 13, 2010); TAC at ¶ 125. With respect to Plaintiff's First Amendment retaliation claim, Plaintiff must prove that: "(1) [he] engaged in constitutionally protected speech . . . ; (2) [he] suffered an adverse employment action; and (3) the speech was a 'motivating factor' in the adverse employment decision." See Licopoli v. Mineola Union Free Sch. Dist., No. 99 Civ. 3974, 2010 U.S. Dist. LEXIS 127090, at *12 (E.D.N.Y. Dec. 1, 2010). Initially, Plaintiff's speech was not on a matter of public concern and is therefore not protected. Plaintiff's complaints in each instance centered around his grievance that he was observed and rated where he was not provided a co-teacher. See TAC at ¶ 62. Because this allegation centers around his work performance and assessment it would not constitute a matter of public concern. See Pedrosa v. City of N.Y., No. 13 Civ. 01890 (LGS), 2014 U.S. Dist. LEXIS 3315, at *35 (S.D.N.Y. Jan. 9, 2014). In addition, although Plaintiff relies on his sabbatical publications delivered in August 2015 as protected speech, his own allegations demonstrate that he received notably positive verbal and written feedback on observations from Principal Decker in September and October of 2015, immediately following his purported protected speech. See TAC at ¶ 52. Plaintiff alleges that he only received negative ratings beginning in November 2015. See id. at ¶ 53. Plaintiff's allegations also suggest that other incidents motivated this change in ratings, including his students' misbehavior on a field trip and falling graduation rates within the school. See id. at ¶¶ 54, 57-59. As Plaintiff's own allegations suggest his change in ratings was motivated by incidents other than his publications, his claims must be dismissed.

       Plaintiff's due process claims must also be dismissed. "[T]o prevail on a 'stigma plus' claim, a plaintiff must show [i] the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and [ii] a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." See Tomscha v. Poole, No. 16 Civ. 1917 (KPF), 2016 U.S. Dist. LEXIS 175873, at *31 (S.D.N.Y. Dec. 20, 2016). The only specific statements Plaintiff alleges were false are the accusations that he made anecdotal reports accessible schoolwide and failed to hand in lesson plans, statements not sufficiently derogatory in nature to injure his reputation. See TAC at ¶ 7. In addition, to the extent Plaintiff challenges a procedural due process claim concerning his termination, Plaintiff has been afforded more than adequate process by access to an Education Law 3020-a proceeding, and had access to review in the form of Article 78 and Article 75 special proceedings. See Cummings v. City of N.Y., 2020 U.S. Dist. LEXIS 31572, at *31-32 (S.D.N.Y. Feb. 24, 2020). Finally, Plaintiff alleges no facts suggesting Defendants were aware of and intended to facilitate any criminal endeavor to support his RICO claim. See Liang v. City of N.Y., No. 10-CV-3089 (ENV) (VVP), 2013 U.S. Dist. LEXIS 136795, at *46 (E.D.N.Y. Sep. 18, 2013). In light of the foregoing, Defendants respectfully request a pre-motion conference to address their anticipated motion to dismiss.

                Respectfully submitted,

                */s/ Nicholas Green*
                Nicholas Green
                Assistant Corporation Counsel

cc:    Brian Ford (By ECF)
       Plaintiff Pro Se
       19 West 110th Street, #45
       New York, New York 10027
       (646) 713-8285