# EXHIBIT "A"

14-1811
*Leon v. N.Y.C. Dep't of Educ., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand and fifteen.

PRESENT: AMALYA L. KEARSE,
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
  *Circuit Judges*.

───────────────────────────────────────

LILLIE LEON,

  *Plaintiff-Appellant*,

-v.-                                                    No. 14-1811

THE NEW YORK CITY DEPARTMENT OF
EDUCATION, AKA THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,
PAULA CUNNINGHAM, in her Individual and
Official Capacity, NERIDA URBAN, in her
Individual and Official Capacity, and HARVEY
KATZ, in his Individual and Official Capacity,

*Defendants-Appellees.*

_____

| | |
|---|---|
| FOR APPELLANT: | STEWART LEE KARLIN, The Law Offices of Stewart Lee Karlin, P.C., New York, NY. |
| FOR APPELLEES: | MARTA ROSS, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel, New York, NY. |

_____

Appeal from the United States District Court for the Eastern District of New York (Kuntz, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED IN PART**, and **VACATED** and **REMANDED IN PART**.

Plaintiff-Appellant Lillie Leon appeals from a judgment of the United States District Court for the Eastern District of New York,[1] dismissing her claims against Defendants-Appellees, including the New York City Department of Education and Paula Cunningham, pursuant to the Age Discrimination in

---

[1] We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all well-pled factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We also review *de novo* a district court's legal conclusion that a state proceeding's fact-finding of a legitimate basis for employment termination collaterally estops re-litigation of related issues in federal court. *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 45 (2d Cir. 2014).

2

Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, 42 U.S.C. § 1983, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and other state law and municipal code grounds.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Leon's discrimination, retaliation, and related claims arise from her employment at P.S. 117 in Queens, NY, for a period prior to the 2010-11 school year and in connection with the 2010-11 school year itself.

We affirm the District Court's dismissal pursuant to Rule 12(b)(6) of Leon's claims arising from the period prior to the 2010-11 school year of discrimination and retaliation under the ADEA, the ADA, and the NYSHRL and of failure to accommodate under the ADA.  We also affirm the dismissal of all of Leon's claims of hostile work environment under the ADEA and the NYSHRL arising from the 2010-11 school year and from the period prior to it.[2]  Because Leon does not sufficiently argue on appeal that the District Court erred in dismissing her First Amendment retaliation claim under 42 U.S.C. § 1983, she forfeits this

---

[2] To the extent that Leon's appeal can be construed to raise a hostile work environment claim under the ADA, *see* Appellant Br. 43–44, we reject such a claim because it was never pleaded in the Amended Complaint.

3

argument. *See Hicks v. Baines*, 593 F.3d 159, 166 n.5 (2d Cir. 2010); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

The District Court also held that a previously-adjudicated finding of just cause for Leon's termination pursuant to New York Education Law § 3020-a collaterally estops federal litigation of her discrimination, retaliation, and accommodation claims concerning the 2010-11 school year.

Under New York law, the doctrine of collateral estoppel bars re-litigation of an issue when: "(1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 482 N.E.2d 63 (N.Y. 1985)). The bar can apply even if the tribunals or causes of action differ. *Lafleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002). Section 3020-a findings are entitled to preclusive effect. *Burkybile v. Bd. of Educ.*, 411 F.3d 306, 308 (2d Cir. 2005).

The District Court erroneously concluded that the Section 3020-a hearing's "determination that there was cause for [Leon's] termination precludes [Leon] from making a prima facie case of discrimination or retaliation," App. 115.

4

There is no indication that the Section 3020-a hearing addressed, much less "actually decided," whether the charges leading to Leon's termination were driven, even in part, by discriminatory or retaliatory intent. The court's error thus stems from the faulty assumption that termination for cause *necessarily* precludes the possibility of termination motivated by unlawful animus. "[T]he hearing officer's determination that [the plaintiff] had engaged in the charged conduct, and that these violations called for h[er] termination, does not preclude a jury from later finding that [the plaintiff] was also terminated at least in part because of [discriminatory reasons]. The plaintiff could be successful on the [discrimination or retaliation] claims even if the jury were to accept that there were legitimate reasons for terminating h[er], too." *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 47 (2d Cir. 2014).

Likewise the District Court erroneously concluded that the Section 3020-a hearing's determination "that Plaintiff did not apply for an accommodation for air conditioning from [DOE's] Medical Bureau" precludes Leon "from alleging a necessary element of her failure to accommodate claim." App. 117–18 (internal quotation marks omitted). While Leon is estopped from challenging the Hearing Officer's factual finding that she failed to apply to the Medical Bureau for an air

5

conditioning accommodation, Leon also alleges that she informed Defendants of her air conditioning-related health concerns and had filed medical documentation to that effect with the school. *See* App. 25. The overall adequacy of Leon's accommodation requests cannot be determined based on the Amended Complaint or documents reasonably viewed as incorporated in it.

In sum, as to Leon's discrimination, retaliation, and accommodation claims under the ADEA, the ADA, and the NYSHRL for the 2010-11 school year, we vacate and remand for further proceedings because the dismissals cannot be justified under Rule 12(b)(6). Our reversal of the District Court on these claims is no indication as to the appropriateness of a later Rule 56 motion following whatever discovery the District Court deems appropriate.

We also vacate the District Court's decision not to exercise supplemental jurisdiction over certain of Leon's state and municipal code claims and remand to the District Court to reconsider its decision in light of the surviving federal claims. We have considered all of Leon's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED IN PART**, and **VACATED** and **REMANDED IN PART** to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

| | |
|---|---|
| **ROBERT A. KATZMANN** | **CATHERINE O'HAGAN WOLFE** |
| CHIEF JUDGE | CLERK OF COURT |

Date: May 22, 2015
Docket #: 14-1811cv
Short Title: Leon v. New York City Department of Ed

DC Docket #: 10-cv-2725
DC Court: EDNY (CENTRAL ISLIP)
DC Judge: Lindsay
DC Judge: Kuntz

### BILL OF COSTS INSTRUCTIONS

The requirements for filing a bill of costs are set forth in FRAP 39. A form for filing a bill of costs is on the Court's website.

The bill of costs must:
* be filed within 14 days after the entry of judgment;
* be verified;
* be served on all adversaries;
* not include charges for postage, delivery, service, overtime and the filers edits;
* identify the number of copies which comprise the printer's unit;
* include the printer's bills, which must state the minimum charge per printer's unit for a page, a cover, foot lines by the line, and an index and table of cases by the page;
* state only the number of necessary copies inserted in enclosed form;
* state actual costs at rates not higher than those generally charged for printing services in New York, New York; excessive charges are subject to reduction;
* be filed via CM/ECF or if counsel is exempted with the original and two copies.

## United States Court of Appeals for the Second Circuit
## Thurgood Marshall U.S. Courthouse
## 40 Foley Square
## New York, NY 10007

**ROBERT A. KATZMANN**
**CHIEF JUDGE**

**CATHERINE O'HAGAN WOLFE**
**CLERK OF COURT**

Date: May 22, 2015
Docket #: 14-1811cv
Short Title: Leon v. New York City Department of Ed

DC Docket #: 10-cv-2725
DC Court: EDNY (CENTRAL ISLIP)
DC Judge: Lindsay
DC Judge: Kuntz

## VERIFIED ITEMIZED BILL OF COSTS

Counsel for
_____

respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to prepare an itemized statement of costs taxed against the
_____

and in favor of
_____

for insertion in the mandate.

Docketing Fee        _____

Costs of printing appendix (necessary copies _____ ) _____

Costs of printing brief (necessary copies _____ \_\_\_\_) _____

Costs of printing reply brief (necessary copies _____ ) _____

**(VERIFICATION HERE)**

_____
Signature