No. 19 Civ. 6327 (JPC)(KHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN FORD,

                                                        Plaintiff,

                        -against-

THE NEW YORK CITY BOARD OF
EDUCATION (a/k/a the Department of
Education) Carmen Farina in her official capacity
as Chancellor,

                                                        Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT

### GEORGIA M. PESTANA
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street - Room 2-176*
*New York, NY 10007*

*Of Counsel: Nicholas Green*
*Tel: (212) 356-2445*
*Matter No.: 2020-026533*

Joseph Anci,
Nicholas Green,
   Of Counsel

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 1

    POINT I ............................................................................................................................. 1

        PLAINTIFF'S CHALLENGE OF HIS
        TERMINATION IS BARRED BY COLLATERAL
        ESTOPPEL ................................................................................................ 1

    POINT II ............................................................................................................................ 4

        PLAINTIFF FAILS TO ALLEGE A
        CONTINUING VIOLATION ................................................................... 4

    POINT III ........................................................................................................................... 5

        PLAINTIFF FAILS TO STATE A RETALIATION
        CLAIM ...................................................................................................... 5

           A.   Plaintiff Fails to Allege he Engaged in
               Protected Activity Known to Defendants ........................................... 5

           B.   Plaintiff Fails to Allege a Causal Connection
               Between Protected Activity and an Adverse
               Employment Action .......................................................................... 6

CONCLUSION ........................................................................................................................ 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

Birch v. City of New York,
    184 F. Supp. 3d 21, 32 (E.D.N.Y. 2016) ...............................................................7, 8

Bodenmiller v. County of Suffolk,
    2021 U.S. Dist. LEXIS 165458, at *30 (E.D.N.Y. Aug. 30, 2021)...........................................7

Davis v. N.Y. City Dep't/Bd. of Educ.,
    2015 U.S. Dist. LEXIS 131719 (E.D.N.Y. August 19, 2015) ....................................2

Doyle v United Airlines, Inc.,
    914 F. Supp. 2d 325 (E.D.N.Y. 2012) .......................................................................5

Garcia v. Yonkers Bd. of Educ.,
    803 F. App'x 441, 444 (2d Cir. 2020)........................................................................2

Leon v. N.Y. City Dept. of Educ.,
    612 F. App'x 632, 634-635 (2d Cir. 2015)............................................................. 2-3

McManamon v. Shinseki,
    2013 U.S. Dist. LEXIS 96087 (S.D.N.Y. July 9, 2013) ...........................................6

Sirisena v. City Univ. of N.Y.,
    2019 U.S. Dist. LEXIS 58384, at *13 (E.D.N.Y. Mar. 31, 2019) ............................5

Smith v. N.Y. City Dept. of Educ.,
    808 F. Supp 2d 569, 580, 582 (S.D.N.Y. 2011).......................................................2

Taylor v. N.Y. City Dept. of Educ.,
    2012 U.S. Dist. LEXIS 108319, at *14 (E.D.N.Y. Aug. 2, 2012)............................4

Thomson v. Odyssey House,
    2015 U.S. Dist. LEXIS 125887, at *28 (E.D.N.Y. Sep. 21, 2015)............................4

## PRELIMINARY STATEMENT

In his opposition, Plaintiff argues (1) his claims are not subject to collateral estoppel; (2) the continuing violation doctrine extends the statute of limitations with respect to his claims; (3) he has alleged that he engaged in protected activity that was known to Defendants; and (4) he was subject to an adverse action that was causally connected to his protected activity.

As set forth further below, Plaintiff's arguments are unavailing and his retaliation claim under the Rehabilitation Act must be dismissed.  First, Plaintiff did raise similar arguments including allegations of bias against his school administration during his § 3020-a proceeding, and therefore he is collaterally estopped from arguing retaliation was the "but for" cause of his termination.  Second, Plaintiff's termination and negative evaluations are discrete acts which cannot form the basis of a continuing violation, and in any event Plaintiff's conclusory allegation that these acts were continuing in nature is not sufficient to support a continuing violation.  Third, Plaintiff's allegations either fail to establish that Plaintiff made a complaint at all, or establish that Plaintiff's complaint was related to his treatment and not the treatment of individuals covered by the Rehabilitation act.  As a result Plaintiff has failed to allege he engaged in protected activity. Fourth, the gap in time between what Plaintiff characterizes as protected activity and any alleged adverse action is simply too long to support a causal connection.

Accordingly Defendants ask that the Complaint be dismissed in its entirety.

## ARGUMENT

### POINT I

#### PLAINTIFF'S CHALLENGE OF HIS TERMINATION IS BARRED BY COLLATERAL ESTOPPEL

Although Plaintiff argues his retaliation claims were not litigated in his Education Law § 3020-a proceeding, however, the central issue and finding of that proceeding was that

1

Plaintiff's poor performance warranted, and justified, his termination.  See Exhibit B at 69. Plaintiff is therefore collaterally estopped from challenging that determination, and as a result is unable to allege or prove that retaliation was the "but for" cause of his termination here.  See Garcia v. Yonkers Bd. of Educ., 803 F. App'x 441, 444 (2d Cir. 2020); see also Smith v. N.Y. City Dept. of Educ., 808 F. Supp 2d 569, 580, 582 (S.D.N.Y. 2011); Davis v. N.Y. City Dep't/Bd. of Educ., No. 14 Civ. 2281(KAM)(LB), 2015 U.S. Dist. LEXIS 131719, *11 (E.D.N.Y. August 19, 2015)(adopted at Davis v. N.Y. City Dep't./Bd. of Educ., No. 14 Civ. 2281(KAM)(LB), 2015 U.S. Dist. LEXIS 131466, at *6 (E.D.N.Y. Sep. 29, 2015)).

Plaintiff misconstrues the Court's holding in Garcia, which found under the "but for" standard of Title VII retaliation claims the plaintiff Garcia "was precluded from denying the conduct that was the basis for her termination" and therefore could not present sufficient evidence retaliation was the "but for" cause of her discipline.  See Garcia, 803 F. App'x 441 at 443-444. The court only allowed the Plaintiff's First Amendment retaliation claim, which would not apply the "but for" standard to proceed.  Moreover, the factual issues considered by the hearing officer here are, if anything, broader than in Garcia as the hearing officer analyzed Plaintiff's performance over multiple years, as well as the efforts Plaintiff had made, the professional support Plaintiff had received, and found that termination was an appropriate remedy for Plaintiff's history of poor performance.

In opposition, Plaintiff raised many issues regarding his evaluations, issues which are identical to those that he previously presented during the hearing and which the hearing officer reviewed and found to be unpersuasive.  See Plaintiff's Opp. at 12-13; see also Leon v. N.Y. City Dept. of Educ., 612 F. App'x 632, 634-635 (2d Cir. 2015).

This case is distinguishable from <u>Leon,</u> upon which Plaintiff relies, in that Plaintiff did in fact argue that principal Decker and other administrators were biased against him as a defense to the 3020-a charges.  After reviewing Plaintiff's defenses and evidence, the hearing officer noted, "Against this background, it is difficult to see how Ford can argue that the administrators and particularly Decker were biased against him, and that their observations were tainted by the desire to terminate him. Instead, it appears that they went out of their way to try to support him and help him improve." <u>See</u> Exhibit B at 63.  The court's holding in <u>Leon</u> is clearly distinguishable from the instant matter in that the holding of <u>Leon</u> is limited to cases where the underlying decision did not in any way address the potential for retaliation.  <u>See Leon</u>, 612 F. App'x 632, 635 ("There is no indication that the Section 3020-a hearing addressed, much less 'actually decided,' whether the charges leading to Leon's termination were driven, even in part, by discriminatory or retaliatory intent."). This is simply not the case here.

Further, Plaintiff's claims that the hearing officer failed to consider his defenses and evidence is incorrect.  The Opinion and Award from Plaintiff's § 3020-a proceeding notes Plaintiff's testimony that he did not receive a dedicated classroom and was required to move from classroom to classroom.  <u>See</u> Exhibit B at 13-14.  With respect to Plaintiff's claim that he was observed in classes which should have been assigned a co-teacher, Plaintiff not only made that argument repeatedly at his hearing, but engaged in a discovery dispute in order to obtain student's individualized education plans he believed were relevant to that aspect of his defense.  <u>See id</u>. at 11 f. 9, 25, 48.  Moreover, Plaintiff also argued during his § 3020-a proceeding he received "effective" measure of student learning ("MOSL") ratings in the 2015-2016 and 2016-2017 school years.  <u>See id</u>. at 20.  Plaintiff made all of these arguments as noted by the hearing officer in the Opinion and Award, but they were simply found to be unpersuasive.  Plaintiff also already had the

opportunity to these issues in his subsequent Article 75 petition, where he challenged the hearing officer's Opinion and Award but failed to overturn his termination.

Plaintiff already had a full and fair opportunity to litigate the issue of whether his performance provided a justification for his termination.  He cannot now relitigate that issue, and therefore is precluded from proving retaliation was the "but for" cause of his termination.

### POINT II

### PLAINTIFF FAILS TO ALLEGE A CONTINUING VIOLATION

Despite baldly asserting a "continuing violation" in his Opposition, Plaintiff has failed to allege facts to support a continuing violation which would extend the statute of limitations. "Under the 'continuing violation' exception …if a 'plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone.'"  See Thomson v. Odyssey House, No. 14-CV-3857 (MKB), 2015 U.S. Dist. LEXIS 125887, at *28 (E.D.N.Y. Sep. 21, 2015)(citations omitted).  Simply invoking the term "practice" or "policy" however, does not convert plaintiff's allegations into a single unlawful practice for purposes of a timely filing.  See Taylor v. N.Y. City Dept. of Educ., No. 11-CV-3582, 2012 U.S. Dist. LEXIS 108319, at *14 (E.D.N.Y. Aug. 2, 2012)(finding plaintiff had failed to plausibly allege policy of discrimination).

Here, Plaintiff does nothing more than rely on the conclusory statement that "the actions taken by the DOE in retaliation against Mr. Ford have been continuing in nature" to support his argument that a continuing violation extends the statute of limitations for his claims.  See Plaintiff's Opp. at 16-17.  He does not articulate how the discrete actions he complains of are connected such that they would constitute a policy or practice of discrimination.  Moreover, the

acts Plaintiff complains of including negative evaluations and termination are discrete acts, which are not subject to the continuing violation doctrine.  See Sirisena v. City Univ. of N.Y., No. 17-cv-7135 (DLI) (RML), 2019 U.S. Dist. LEXIS 58384, at *13 (E.D.N.Y. Mar. 31, 2019).  As a result, Plaintiff's Rehabilitation Act claims outside the three year statute of limitations are not actionable.  See Doyle v United Airlines, Inc., 914 F. Supp. 2d 325, 334 (E.D.N.Y. 2012).  As Plaintiff commenced this action on July 5, 2019, the statute of limitations would only extend to July 5, 2016.  See Exhibit D.

### POINT III

### PLAINTIFF FAILS TO STATE A RETALIATION CLAIM

**A.    Plaintiff Fails to Allege he Engaged in Protected Activity Known to Defendants**

Plaintiff argues in his opposition that he complained "that Special Education students were not receiving full Special Education services."  See Plaintiff's Opp. at 20.  However, the factual allegations in the Complaint do not provide any support that he ever made a complaint. Any mention of the exercise of protected activity is entirely absent from the Complaint, and, similarly, the arguments advanced in Plaintiff's Opposition fail to establish the existence of protected activity.  Plaintiff "raising the issue" with Stephanie Eliot or in team meetings does not make clear whether Plaintiff merely asked questions regarding integrated co-teaching, or discussed whether co-teaching may have been necessary.  See Complaint at ¶¶ 17, 19.   Without a clear indication that Plaintiff actually complained that students were not receiving mandated co-teaching, he fails to plausibly allege he engaged in protected activity.  Likewise, although Plaintiff characterizes his sabbatical book draft as "complaining that the DOE violated the ADA and Rehabilitation Act rights of the students" his factual allegations suggest that no such complaint was contained within the book.  See Plaintiff's Opp. at 18-19.  The allegation that the book draft,

somewhere among it's discussion of "Social Learning and Hegemony: Neoliberalism and Education Reform in the United States" somehow "indicated" that students were not receiving mandated integrated co-teaching does not transform his writing into something "sufficiently pointed to be reasonably understood as a complaint of discrimination." See <u>McManamon v. Shinseki</u>, No. 11-cv-7610 (PAE), 2013 U.S. Dist. LEXIS 96087, at *29 (S.D.N.Y. July 9, 2013)(citations omitted).

Although Plaintiff seeks to rely on his APPR complaint, by its very nature that complaint was directed to the circumstances under which Plaintiff was provided performance ratings, not the needs of his students. Plaintiff's attempt to rationalize and rebut his poor performance does not, and cannot, plausibly constitute a complaint regarding the treatment of his students. Accordingly Plaintiff has failed to allege he engaged to protected activity known to Defendants.

**B.     Plaintiff Fails to Allege a Causal Connection Between Any Alleged Protected Activity and an Adverse Employment Action**

Even assuming, *arguendo*, Plaintiff has alleged he engaged in protected activity there is no connection between any protected activity and an adverse action. Plaintiff in his opposition argues a causal connection exists (1) because Plaintiff received negative ratings after discussing his belief that his classes required integrated co teaching (2); because Plaintiff's Principal allegedly stated he wanted to "get rid" of Plaintiff and (3) because Plaintiff's protected activity was "continuous" and he received discipline culminating in his termination. See Plaintiff's Opp. at 22-24. These arguments are unavailing.

Initially, there is a three month gap between the point at which Plaintiff alleges he first spoke with Stephanie Elliot regarding the assignment of special education teachers for integrated co-teaching in August 2016 and the point where Plaintiff first alleges he received a

negative evaluation on November 20, 2016.  See Complaint at ¶¶ 17-18. Although Plaintiff describes this change as "sudden," three months is not close enough temporal proximity to infer causation under these circumstances where no other facts suggest circumstances supporting an inference based on temporal proximity.  See Bodenmiller v. County of Suffolk, No. 20-CV-0414 (JMA) (ARL), 2021 U.S. Dist. LEXIS 165458, at *30 (E.D.N.Y. Aug. 30, 2021).  To the extent that Plaintiff's sabbatical book draft also contained similar statements, the fact that over a year had passed without an adverse action weighs heavily against an inference of discrimination.  See Birch v. City of New York, 184 F. Supp. 3d 21, 32 (E.D.N.Y. 2016) ("Retaliatory intent does not sit patiently like a spider in a web hoping that prey will wander in; the daily employment relationship provides for constant opportunities and temptations to retaliate for protected activity if an employer is of a mind to do so.")  These allegations fail to plausibly support a causal connection between his November 2016 rating and any alleged protected activity.

Although Plaintiff characterizes the principal's alleged statement that he wanted to "get rid" of Plaintiff as a direct admission, the reality is that this alleged hearsay statement gives no indication of retaliatory intent.  Merely wanting to terminate Plaintiff is not indicative of any violation of the Rehabilitation Act.  This statement does not suggest that an intent to terminate Plaintiff was in any way related to any complaint he made, and therefore fails to plausibly support causation.  The well documented issues with Plaintiff's poor performance, his subsequent termination by a hearing officer, and a Court's determination that Plaintiff's termination was proper suggest, if not outright demonstrate, that any desire to "get rid" of plaintiff was due to his own pedagogical failings and shortcomings.  Finally, Plaintiff's attempt to characterize his protected activity as continuous is not enough to establish a causal connection.  Plaintiff fails to point to any instance where he engaged in a protected act from which an adverse action followed

within a time period short enough to support an inference of causation based on protected activity. Where Plaintiff alleges his protected activity began over a year before he began receiving negative ratings, it is not plausible that his allegedly continuous protected activity motivated his negative ratings or termination.  See Birch v. City of New York, 184 F. Supp. 3d 21, 32 (E.D.N.Y. 2016).

Accordingly, Plaintiff cannot, and has not, satisfied the pleading standard for a retaliation claim under the Rehabilitation Act.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the Fourth Amended Complaint, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              December 28, 2021

                        **GEORGIA M. PESTANA**
                        Corporation Counsel of the
                            City of New York
                        Attorney for Defendants
                        100 Church Street, Room 2-176
                        New York, New York 10007
                        (212) 356-2445
                        nigreen@law.nyc.gov

                  By:   /s/ *Nicholas Green*
                        Nicholas Green
                        Assistant Corporation Counsel

Joseph Anci,
Nicholas Green,
   Of Counsel.