UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRIAN FORD,

                                      Plaintiff,

                  -against-                    **ANSWER TO THE FOURTH AMENDED COMPLAINT**

THE NEW YORK CITY BOARD OF EDUCATION
(a/k/a the Department of Education),         No. 19 Civ. 06327 (JPC)(KHP)

                                    Defendants.

------------------------------------------------------------------------ x

        Defendant the New York City Board of Education ("BOE") by its attorney, the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for its Answer to the Fourth Amended Complaint, filed on August 31, 2021, ("Complaint"), respectfully alleges as follows:

        1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

        4.     Denies the allegations set forth in paragraph "4" of the Complaint, except admit that the BOE's central office is located in New York County.

        5.     Denies the allegations set forth in paragraph "5" of the Complaint, except admits that the BOE oversees the public schools in the five boroughs of the City of New York, that the BOE receives federal funds and is subject to the anti-discrimination laws, and respectfully

refers the Court to Ch. 52A of the New York Education Law for a description of the status and duties of the BOE.

6. The allegations in paragraph "6" of the Complaint set forth legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "6" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of the Court as stated therein, and respectfully refers the Court to 29 U.S.C. § 794(d) and 42 U.S.C. § 12203 for a complete and accurate statement of their contents.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admits Plaintiff purports to be a resident of the State of New York, County of New York, and that Plaintiff was previously an employee of the BOE.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the BOE formerly employed Plaintiff, that the BOE headquarters are located at 52 Chambers Street, New York, NY 10007, and respectfully refers the court to Ch. 52A of the New York Education Law for a description of the nature and responsibilities of the BOE.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that Plaintiff was hired by BOE as a social studies teacher in 1995, began working at the Bronx Guild High School ("BGHS") in 2005, and was terminated from BOE service as of January 29, 2018.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that Samuel Decker became Acting Principal of BGHS in 2005 and remained Principal of BGHS until July 1, 2017.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits Plaintiff received an overall effective rating in the 2013-2014 school year.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that Plaintiff returned from a leave of absence in the 2015-2016 school year.

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of whether unspecified class rosters contained more than 40% students with individualized education plans.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except denies knowledge or information sufficient to form a belief as to when Plaintiff accessed student Individualized Education Plans, and the content of Plaintiff's alleged conversation with Stephanie Elliot.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except admit Plaintiff emailed Anthony Klug on December 9, 2016 and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

24. Denies the allegations set forth in paragraph "24" of the Complaint, except admit Plaintiff emailed Anthony Klug on December 9, 2016 and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

25. Denies the allegations set forth in paragraph "25" of the Complaint, except admit that Plaintiff filed an APPR complaint and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

26. Denies the allegations set forth in paragraph "26" of the Complaint, except admit that Plaintiff was questioned in proceedings held on November 22, 2017 by Jennifer Hogan pursuant to New York Education Law Section 3020-a, and respectfully refer the Court to a transcript of those proceedings for a complete and accurate record of Plaintiff's testimony.

27. Denies the allegations set forth in paragraph "27" of the Complaint, except admit that an observation report for the November 20, 2015 observation was drafted on November 20, 2015, and that Plaintiff received an observation report for the November 20, 2015 observation on March 17, 2016.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint, except admits that observations of Plaintiff's performance in the 2015-2016 school year reflected inadequate performance, and that Plaintiff was terminated.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint, except admits that Principal Decker informed Plaintiff he would receive six informal observations during the 2015-2016 school year.

36. Denies the allegations set forth in paragraph "36" of the Complaint, except admits that Plaintiff was not assigned a dedicated classroom.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint, except admits that a formal observation lasts for a full class period, and includes a pre-observation conference.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies[1] the allegations set forth in paragraph "44" of the Complaint, except admits that Plaintiff's Measure of Student Learning component were effective for the 2015-2016 and 2016-2017 school years, and that these components are dependent on student testing.

---

[1] Defendant notes that Plaintiff erroneously numbers the paragraph following paragraph "43" as paragraph "42" and additionally numbers two consecutive paragraphs as "51." Defendant has

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint, except admits that Plaintiff received an effective rating in the 2013-2014 school year, no rating in the 2014-2015 school year during which Plaintiff took a sabbatical, a developing rating in the 2015-2016 school year and received ineffective observation rating in the 2016-2017 school year.

47. Denies the allegations set forth in paragraph "47" of the Complaint, except admits that Plaintiff was not permitted to choose between observation options in the 2016-2017 school year.

48. Denies the allegations set forth in paragraph "48" of the Complaint, except admits that Plaintiff and Principal Decker met regarding Plaintiff's teacher improvement plan on September 26, 2016 and that Plaintiff was provided a draft teacher improvement plan during that meeting.

49. Denies the allegations set forth in paragraph "49" of the Complaint, except admit Plaintiff was not assigned a dedicated classroom.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint, except denies knowledge or information sufficient to form a belief as to the content of Plaintiff's conversation with Rauner in an unspecified coaching session.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

---

numbered its paragraph responses consecutively and submitted an annotated copy of the Fourth Amended Complaint with corrected numbers to which its answers correspond.

53. Denies the allegations set forth in paragraph "53" of the Complaint, except admits that a 3020-a proceeding was commenced against Plaintiff, and Plaintiff was terminated on January 29, 2018.

54. In response to the allegations set forth in paragraph "54" of the Complaint, Defendant repeats and realleges the responses set forth in paragraphs "1" through "53" inclusive of its Answer, as if fully set forth herein.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

**AS AND FOR A FIRST DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

58. The Complaint may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A SECOND DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

59. All actions taken by Defendant with respect to Plaintiff were taken in good faith for non-discriminatory and non-retaliatory, legitimate business reasons.

**AS AND FOR A THIRD DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

60. Subject to proof of discovery, Plaintiff has failed to mitigate his damages, if any.

**WHEREFORE**, Defendant respectfully requests that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

Dated: New York, New York
June 6, 2022

                                **HONORABLE SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
 City of New York
Attorney for Defendant
100 Church Street, Room 2-176
New York, New York 10007
(212) 356-2445
nigreen@law.nyc.gov

By: /s *Nicholas Green*
Nicholas Green
Assistant Corporation Counsel

To: Stewart Lee Karlin, Esq.
STEWART LEE KARLIN LAW GROUP PC
Attorneys for Plaintiff
111 John Street, 22nd Floor
NEW YORK, NY 10038
212-792-9670
(By ECF)